IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRS AUTO PARTS, INC. | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY | : | NO.  08-2022 |
| | : | |
| Defendant, | : | |
| | : | |
| TURLEY INSURANCE AGENCY, INC., | : | |
| | : | |
| Third-Party Defendant. | : | |

BUCKWALTER S. J.                                                                                        October 7, 2008

**MEMORANDUM**

Currently pending before the Court is a Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), filed by Third-party Defendant Turley Insurance Agency, Inc. ("Turley") and the Response thereto of Third-party Plaintiff National Grange Mutual Insurance Company ("National Grange").  For the following reasons, the Court denies the Motion in its entirety.

I.      **FACTUAL AND PROCEDURAL HISTORY**

   A.      **The Initial State Court Action**[1]

On June 11, 2005, CRS Auto Parts ("CRS"), along with its parent company, KSI Trading, filed an action against (1) National Grange and (2) Albert R. Schaible, Jr., Russell Schaible and Caln

---

[1] The facts in this section are drawn from the state court docket and state court complaint attached as exhibits to National Grange's Response to the Motion to Dismiss.

Ins. Agency (collectively, the "Caln Defendants") in the Montgomery County, Pennsylvania Court of Common Pleas.  In that lawsuit, CRS sought damages resulting from the Caln Defendants' failure to obtain insurance coverage from National Grange on CRS's behalf and from National Grange's alleged failure to honor its obligations under the purported policy of workers' compensation insurance.  (Complaint, CRS Auto Parts, et al. v. Nat'l Grange Mut. Ins. Co., et al., No. 05-18198, ¶¶ 31-52 (Phila. C.P. Apr. 3, 2006).)  That failure purportedly exposed CRS to workers' compensation and general liability claims by Christopher DiPietro and the Estate of Richard Tilley, who were injured and killed, respectively, in a motor vehicle accident that occurred during the course of their employment with CRS.  (Id. ¶¶15-16, 28-29.)

The Caln Defendants filed a joinder complaint against Turley, on May 23, 2006, claiming that Turley's conduct in assisting in the completion of CRS's application was a direct cause of National Grange's denial of coverage.  On July 1, 2006, CRS and KSI filed an Amended Complaint in the state court action, to which the Caln Defendants filed preliminary objections.  The Court sustained those preliminary objections and, in turn, dismissed the Caln Defendants' third-party claims against Turley.

National Grange filed a declaratory judgment action against CRS in federal court (the "Declaratory Judgment Action") on July 19, 2006.  On February 29, 2008, National Grange filed its answer and new matter in state court and, concurrently, filed a joinder complaint against Turley, to which Turley filed preliminary objections.  On June 6, 2008, while these objections were pending, CRS and KSI discontinued the state court action to permit CRS to pursue its defense in the pending Declaratory Judgment Action.

**B.     The Declaratory Judgment Action**

In the Declaratory Judgment Action, National Grange sought a finding (1) that the workers' compensation insurance policy purportedly issued by National Grange to CRS was not in effect at the time of the motor vehicle accident injuring DiPietro and Tilley and (2) that National Grange was not the worker's compensation insurance carrier for CRS on the date of the motor vehicle accident and, thus, had no duty to indemnify DiPietro and Tilley for any medical benefits.  (Complaint, Nat'l Grange Mut. Ins. Co. v. CRS Auto Parts, Inc., Civ. A. No. 06-3174, 7 (E.D. Pa. Jul. 19, 2006).)  Turley was not joined as a party to this action.  (Id.)

Following a non-jury trial on July 30, 2007, this Court issued Findings of Facts and Conclusions of Law, dated November 16, 2007.  Nat'l Grange Mut. Ins. v. CRS Auto Parts, Inc., Civ. A. No. 06-3174, 2007 WL 4078728 (E.D. Pa. Nov. 16, 2007).  In that opinion, the Court determined that CRS made no misrepresentations to either Turley or National Grange and the insurance binder was in effect and provided coverage at the time of the accident.  Id. at *1-2.  Consequently, the Court entered judgment in favor of CRS and against National Grange.  Id. at *2.  On November 28, 2007, National Grange filed a Notice of Appeal to the Third Circuit.  That appeal is currently pending.

**C.     The Present Action**

CRS initiated the current action against National Grange on April 28, 2008.  In its Complaint, CRS alleges claims of breach of contract, bad faith, and fraud.  (Compl. ¶¶ 25-42.)  On June 27, 2008, National Grange filed a Third-party Complaint against Turley, who was authorized, per a March 2001 agency agreement, to solicit insurance policies on behalf of National Grange.  (Third-party Compl. ¶ 7.)  Count I seeks common law indemnification on the grounds Turley, not

3

National Grange, engaged in fraud and/or misrepresentation during the placement of CRS's insurance policies.  (Id. ¶¶ 23-25.)  Count II asserts that Turley breached the agreement between National Grange and Turley by (1) relying on third-party information from the Caln Defendants to complete CRS's application for insurance and (2) submitting CRS's application with multiple misrepresentations.  (Id. ¶¶ 27-30.)  Finally, Count III seeks contractual indemnity pursuant to the agency agreement between National Grange and Turley.  (Id. ¶¶ 32-36.)

On July 25, 2008, Turley filed a Motion to Dismiss the Third-party Complaint, alleging that Counts I and II are barred by collateral estoppel and *res judicata*.  Turley also contends that Count III is not ripe for judicial decision due to the pending appeal of the Court's November 16, 2007, decision in the declaratory judgment action.  Having considered both Turley's Motion and National Grange's Response, the Court now turns to the pending issues.

## II.     STANDARDS OF REVIEW

The purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the legal sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6); see also Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).  The question before the court is not whether the plaintiff will ultimately prevail.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).  Rather, the court should only grant a 12(b)(6) motion if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).  When considering a motion to dismiss, the court must "accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and

view them in the light most favorable to the nonmoving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The court, however, will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of a case for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). Accordingly, when considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

### III. DISCUSSION

#### A. Whether Counts I and II Are Barred by Collateral Estoppel

Turley first argues that both Counts I and II of the Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), under the principle of collateral estoppel. Specifically, it claims that, in the Declaratory Judgment Action against CRS, National Grange alleged that: (1) Turley violated its agency agreement with National Grange; (2) the insurance application contained material misrepresentations; and (3) National Grange did not provide workers' compensation for CRS on July 10, 2003. (Turley Mem. Supp. Mot. Dismiss 4.) The Court, according to Turley, issued a Memorandum and Order on November 16, 2007, ruling on these arguments. In light of the purported commonality of issues between the Declaratory Judgment Action and the pending Third-party Complaint, Turley asserts that Counts I and II are foreclosed from further judicial review.

"As commonly explained, the doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." U.S. v. Stauffer Chem. Co., 464 U.S. 165, 170-71, 104 S. Ct. 575, 578 (1984). This doctrine, also known as issue preclusion, ensures that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. U.S., 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979). The Third Circuit has identified four required elements for the application of collateral estoppel: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) (internal quotations omitted), cert. denied, 127 S. Ct. 1878 (2007). The Third Circuit has also considered whether the party being precluded "had a full and fair opportunity to litigate the issue in question in the prior action, . . . and whether the issue was determined by a final and valid judgment." Id. (internal quotation marks and citations omitted). Notably, "[c]omplete identity of parties in the two suits is not required for the application of issue preclusion." Burlington Northern R. Co. v. Hyundai Merchant Marine Co. 63 F.3d 1227, 1232 (3d Cir. 1995). "The party seeking to effectuate an estoppel has the burden of demonstrating the propriety of its application." Suppan v. Dadonna, 203 F.3d 228, 233 (3d Cir. 2000).

Turley's argument for collateral estoppel fails at the first element: that the issue sought to be precluded is the same as that involved in the previous action. Burlington Northern, 63 F.3d at 1231-32. "'Identity of the issues is established by showing that the same general rules govern both cases

and that the facts of both cases are indistinguishable as measured by those rules.'" Suppan, 203 F.3d at 233 (quoting 18 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE § 4425, at 253 (1981)). "To defeat a finding of identity of the issues for preclusion purposes, the difference in the applicable legal standards must be 'substantial.'" Raytech Corp. v. White, 54 F.3d 187, 191 (3d Cir. 1995) (citations omitted).

Such a "substantial" difference in the issues exists between the Declaratory Judgment Action and the pending Third-party Complaint. In the Declaratory Judgment Action – a case in which Turley was not a party – the two issues, as framed by National Grange in its Proposed Findings of Fact and Conclusions of Law, were as follows:

> Whether the Insurance Binder allegedly issued on behalf of CRS through National Grange, was void *ab initio* as a consequence of the material misrepresentations set forth in the CRS Insurance Application.
>
> Whether the CRS claim that it did not read the Insurance Application at issue before signing the document or signed a blank form absolves it from the legal ramifications of the Application's material misrepresentations.

(Pl's Proposed Findings of Fact and Conclusions of Law, Nat'l Grange Mut. Ins. v. CRS Auto Parts, Inc., Civ. A. No. 06-3174, 12 (E.D. Pa. Oct. 22, 2007) ("Pl's Proposed Findings and Conclusions").) Throughout the remainder of the brief, National Grange contended that CRS made material misrepresentations to Turley, and that Turley was acting as CRS's, not National Grange's agent.[2] Id.

---

[2] Turley argues that National Grange, in its Proposed Findings of Fact, also asserted that Turley violated its Agency Agreement with National Grange and that the Insurance Application, as submitted by Turley, contained multiple, material misrepresentations. (Pl's Proposed Findings and Conclusions 65-67, ¶¶ 28-33.) Notably, however, National Grange's Proposed Conclusions of Law did not ask the Court to make any finding in this regard. (Id. at 67-69.) Rather, National Grange simply asked the Court for a ruling that it had issued no insurance policy to CRS that was in effect on the day of the motor vehicle accident. (Id. at 11.)

In response, CRS argued that Turley was National Grange's agent and had the authority to bind National Grange to a policy of insurance issued to CRS.

> This Court's ensuing decision made the following relevant findings of fact:
>
> 8.   All of the accurate loss information needed by National Grange to do the proper underwriting for these policies was provided *to Turley* and in his file prior to June 30, 2003.  Turley did not feel that there was any information lacking to make a decision regarding coverage for CRS. . . .
>
> 9.   Turley had authority to bind National Grange to provide coverages.  This authority was granted by National Grange in their Agency Agreement. . . .
>
> * * *
>
> 11.   There is no credible evidence that *CRS*, at any time prior to the binder being issued or prior to the accident of July 10, 2003, *made any misrepresentations to National Grange or Turley Agency*. . . .
>
> 12.   Even after the accident, there is no evidence that *CRS made any misrepresentation* material or otherwise.  National Grange's effort to characterize the misrepresentations as somehow being made by CRS is misleading. . . . [T]here is no evidence that these misrepresentations were based upon any act of commission or one of knowing omission by him or anyone at CRS.

<u>Nat'l Grange Mut. Ins. v. CRS Auto Parts</u>, Civ. A. No. 06-3174, 2007 WL 4078728, at *1 (E.D. Pa. Nov. 16, 2007) (emphasis added).  Ultimately, this Court ruled that because there were "no misrepresentations made in connection with issuance of the binder . . . [and] no pertinent information was withheld *from Turley* prior to the binder being issued," the binder was effective and provided coverage to CRS at the time of the accident.  <u>Id.</u> at *2 (emphasis added).

In the Third-party Complaint presently before the Court, National Grange seeks a finding that to the extent there was any fraud or misrepresentation, as alleged by CRS in its Complaint, that fraud or misrepresentation was on the part of Turley, not National Grange. (Third-party Compl. ¶ 24.)

Additionally, National Grange claims that Turley breached its agency contract by failing to correct any material misrepresentations in the application and by relying on information from an undisclosed third party. (Third-party Compl. ¶¶ 28-29.) These determinations were not at issue before the Court in the Declaratory Judgment Action. Contrary to Plaintiff's argument, at no point in the prior decision did the Court make any finding as to whether or not *Turley* had committed fraud or misrepresentations in submitting CRS's insurance application. Indeed, the Court plainly and simply determined that *CRS* made no misrepresentations to either Turley or National Grange. Moreover, although the Court concluded that Turley had authority, under the agency agreement, to bind National Grange to coverage of CRS, the Court made no concurrent finding that Turley's actions constituted a breach of that agency agreement.

Even assuming *arguendo* that the Court's decision could somehow be construed to address the issues present in the current litigation, the third element of collateral estoppel – that the previous determination was necessary to the decision – is still lacking. Under this factor, "parties should be estopped only on issues they actually deem important, and not on incidental matters." Lynne Carol Fashions, Inc. v. Cranston Print Works Co., 453 F.2d 1177, 1183 (3d Cir. 1972). More specifically,

> [I]f issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made. In these circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation.

Nat'l R.R. Passenger Corp. v. Pennsylvania Public Utility Comm'n, 288 F.3d 519, 527 (3d Cir. 2002) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmt. h).

This Court previously determined that Turley was an agent of National Grange for purposes

9

of binding National Grange to insurance coverage of CRS. Subsequent findings that Turley committed fraud or misrepresentation in submitting the application for insurance to National Grange or that Turley breached its agency agreement would be unnecessary to the Court's conclusion that Turley's issuance of the binder to CRS was sufficient to provide coverage to CRS from National Grange at the time of the motor vehicle accident in question. Accordingly, the third element of collateral estoppel is not met.

Finally, and perhaps more as a point of equity, National Grange did not have a "full and fair opportunity" to litigate its claims against Turley in the Declaratory Judgment Action. Jean Alexander Cosmetics, 458 F.3d at 249 (considering whether a party had a full and fair opportunity to litigate the issue in question in the prior action). As discussed above, Turley was not a party to the prior action and, therefore, National Grange did not have any incentive in pressing the existence of alleged wrongdoing by Turley. Instead, it focused its efforts on proving misrepresentation on the part of CRS, which would have absolved National Grange from any liability. Application of the collateral estoppel rule to the present issues would unfairly preclude National Grange from presenting its most vigorous arguments regarding Turley's alleged wrongdoing. Consequently, the Court denies Turley's motion on the grounds of collateral estoppel.

### B. Whether Counts I and II Are Barred by *Res Judicata* or Claim Preclusion

Alternatively, Turley argues that *res judicata*, or claim preclusion, applies to Counts I and II of the Third-party Complaint because National Grange's third-party claim against Turley could have been raised in the original declaratory judgment action and Turley could have been joined as an indispensable party under Federal Rule of Civil Procedure 19(a). As *res judicata* "gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have

been raised," Turley contends that National Grange may not re-raise the issues in this case. (Turley Mem. Supp. Mot. Dismiss 8 (quoting Bradley v. Pittsburgh Bd. of Ed., 913 F.2d 1064, 1070 (3d Cir. 1990)).)

"*Res judicata* precludes parties from relitigating issues that were or could have been raised in an action that resulted in a final judgment on the merits." Milbourne v. Masters, Civ. A. No. 02-2122, 2006 WL 213522, at *2 (E.D. Pa. Jan. 25, 2006). The purpose of the *res judicata* doctrine "is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006) (quotations omitted). For *res judicata* to apply, "a defendant must demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Courteau v. U.S., Civ. A. No. 07-2948, 2008 WL 2871676, at *2 (3d Cir. Jul. 25, 2008) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)).

Under these standards, Turley's *res judicata* argument fails. Perhaps most importantly, neither party disputes that the mutuality requirement has not been met in this case since Turley was not a party to the former action. Id. As noted above, Turley attempts to create mutuality by arguing that it should have been joined as a party under Fed. R. Civ. P. 19(a),[3] and National Grange's failure to do so effects a preclusion on the current litigation. Turley, however, does not cite – and this Court

---

[3] Turley also argues that National Grange's claims against it could have been joined under Federal Rule of Civil Procedure 18, which states, in part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party," and that "[a] party may join two claims even though one of them is contingent on the disposition of the other." FED. R. CIV. P. 18. By its very language, however, Rule 18 is permissive and not mandatory and, thus, should have no adverse effect on National Grange's current litigation against Turley.

11

cannot find – any case holding that the failure of a plaintiff in a previous action to join an indispensable party, under Federal Rule of Civil Procedure 19(a), satisfies the mutuality requirement of *res judicata* in a subsequent action between that plaintiff and the unjoined party.  Indeed, Rule 19 simply allows a court to forcibly join an indispensable party or dismiss a case for failure to join such a party.   Nothing in the Rule suggests that the purportedly indispensable, but unjoined party may invoke Rule 19 in a later action in order reap the benefits of claim preclusion.

Moreover, even assuming Fed. R. Civ. P. 19 could be interpreted to satisfy the privity element of *res judicata*, Turley was not an indispensable party to the first action.  Rule 19(a) states that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise in

FED. R. CIV. P. 19(a)(1).  Under subsection (A), the "inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action." Janney Montgomery Scott, Inc., v. Shepard Niles, 11 F.3d 399, 405 (3d Cir. 1993).  The effect of a decision on an absent party is immaterial.  Id.; Wheaton v. Diversified Energy LLC, 215 F.R.D. 487, 490 (E.D. Pa. 2003).

Subsection (B) directs the court to consider the effect of a judgment on the interests of the absent party. <u>Wheaton</u>, 215 F.R.D. at 490. The court must "decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." <u>General Refractories Co. v. First State Ins. Co.</u>, 500 F.3d 306, 316 (3d Cir. 2007).

Neither of these circumstances apply. First, Turley's absence from the original litigation did not prevent the Court from awarding full and complete relief to CRS in the Declaratory Judgment Action. As correctly noted by National Grange, the sole issue in that case was whether National Grange was obligated to provide insurance coverage to CRS at the time of the motor vehicle accident. Even in Turley's absence as a party, the Court was fully able to determine that CRS had insurance coverage from National Grange. The fact that Turley's testimony and records were important to the evidentiary development of the Declaratory Judgment Action does not equate with a finding that its joinder as a party was necessary to a complete award of relief. Moreover, Turley has not even alleged, let alone established, that its ability to protect its interests was impeded or impaired. Turley has ample opportunity, in the present litigation, to show that it has no liability to National Grange in connection with National Grange's initial denial of coverage to CRS. The mere fact that National Grange could have brought Turley in as a party in the previous action, does not mean that it was required to do so.

In short, the Court rejects Turley's attempt to invoke *res judicata*. Consequently, we dismiss Turley's motion on this ground.

    **C.**    **Whether Count III is Ripe for Consideration**

Finally, Turley moves, under Fed. R. Civ. P. 12(b)(1), to dismiss Count III of National

13

Grange's Third-party Complaint on grounds of ripeness. Specifically, Turley contends that Count III seeks contractual indemnity and/or contribution from Turley if National Grange is found liable to CRS due to Turley's alleged breach of contract. As the allegations in Count III stem from National Grange's failure to prevail on the Declaratory Judgment Action – a decision which is currently on appeal – Turley contends that Count III is not ripe "because the claims are based upon uncertain and contingent events which may not occur as anticipated." (Turley Mem. Supp. Mot. Dismiss 8.)

As the Third Circuit Court of Appeals recently noted, "ripeness is 'peculiarly a question of timing.'" Taylor Inv. Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1290 (3d Cir. 1993) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S. Ct. 3325, 3332 (1985)). Its basic rationale is "to prevent the courts, 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Phila. Fed'n. of Teachers v. Am. Fed'n. of Teachers, 150 F.3d 319, 323 (3d Cir. 1998)[4] (quoting Abbott Lab. v. Gardner, 387 U.S. 136, 148, 87 S. Ct. 1507, 1515 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 105, 97 S. Ct. 980 (1977)).

In this case, National Grange's third-party claim for contractual indemnification[5] has two components. The first seeks indemnification for any amounts that National Grange owes to CRS

---

[4] Turley cites to Philadelphia Federation, 150 F.3d at 323 for a two-part test for ripeness. Turley's reliance on this case, however, is misplaced. The two part test originally set forth by the Supreme Court and repeated by Third Circuit in Philadelphia Federation is to determine whether a prayer for *declaratory relief* is ripe. Id. The case and claims presently before the Court are not declaratory in nature.

[5] The indemnification of the agency agreement between Turley and National Grange states, in relevant part, that, "[Turley] will hold [National Grange] harmless against liability it may incur or on behalf of its policyholders, actual or alleged, based on error or omission of [Turley] in processing or handling of policies." (Turley Mot. Dismiss, Ex. B, § XI(a).)

under the insurance policy, as well as any costs incurred in the prosecution of the Declaratory Judgment Action. (Third-party Compl. ¶ 34.) It is well settled under Pennsylvania law that "[a] claim on a contract of indemnity *against liability* accrues as soon as the liability has become fixed and established, even though the indemnitee has sustained no actual loss when he seeks to recover on the contract." Crestar Mtg. Corp. v. Peoples Mtg. Co., Inc., 818 F. Supp. 816, 821 n.4 (E.D. Pa. 1993) (emphasis in original). The decision in the Declaratory Judgment Action clearly found that an insurance binder was in effect and provided coverage to CRS at the time of the accident, meaning that National Grange's liability to CRS has become fixed via judgment entered against it. A currently pending appeal to the Third Circuit does not deprive that judgment of its finality. Cf. First Options of Chicago, Inc. v. Kaplan, 913 F. Supp. 377, 382 n.7 (E.D. Pa. 1996) ("The finality of a judgment, and therefore its preclusive effect . . . is not affected by a pending appeal.").

The second component of Count III seeks indemnity only to the extent it is held liable, in this lawsuit, on CRS's claims of breach of contract, fraud and misrepresentation. (Third-party Compl. ¶ 34.) More specifically, National Grange alleges that it was the bad faith and fraud on the part of Turley – not that of National Grange – that resulted in the initial denial of coverage to CRS. These facts present the precise circumstances under which Federal Rule of Civil Procedure 14 permits the impleading of third parties. See McNeilab, Inc. v. Scandipharm, Inc., Civ. A. No. 92-7403, 1993 WL 212424, at *2 (E.D. Pa. Jun. 16, 1993) (noting that the underlying purpose of Rule 14 is to promote economy of action by avoiding the situation where a defendant is held liable to plaintiff and subsequently finds it necessary to bring a separate action against a third party who may be liable to defendant for all or part of plaintiff's original claim) (citing Charles A. Wright, Arthur Miller & Mary Kane, 6 FEDERAL PRACTICE AND PROCEDURE § 1441, 289-90 (1990)). As such, the Court

deems Count III ripe for adjudication at this juncture.

**IV.     CONCLUSION**

Having fully considered the various grounds for dismissal raised by Third-party Defendant Turley, the Motion to Dismiss is denied in its entirety. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRS AUTO PARTS, INC. | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY | : | NO. 08-2022 |
| | : | |
| Defendant, | : | |
| | : | |
| TURLEY INSURANCE AGENCY, INC., | : | |
| | : | |
| Third-Party Defendant. | : | |

## ORDER

**AND NOW**, this *7th* day of *October*, 2008, upon consideration of the Motion of Third-party Defendant Turley Insurance Agency, Inc. ("Turley") to Dismiss Third-party Plaintiff's Claims Under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (Doc. No. 11) and the Response thereto of Third-party Defendant National Grange Mutual Insurance Company ("National Grange") (Doc. No. 15), it is hereby **ORDERED** that the Motion is **DENIED**.

It is further **ORDERED** that Turley shall file its answer to National Grange's Third-party Complaint within fifteen (15) days from the date of this Order.

BY THE COURT

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.